Filed 10/16/25  In re J.M. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | C102065 |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>J.M.,<br><br>　　　　Defendant and Appellant. | (Super. Ct. No. JL-21-032) |

After minor J.M. admitted to allegations of multiple sex offenses, the juvenile court ordered him to register as a sex offender pursuant to Penal Code[1] section 290.008. On appeal, minor argues the court lacked the authority to require him to register.  The People agree, as do we.  We strike the registration requirement.

---

[1] Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2021, the prosecution filed an amended juvenile wardship petition alleging that minor came within the jurisdiction of the juvenile court because he had committed forcible rape of a child under 14 years of age, a lewd and lascivious act upon a child under 14 years of age, and forcible oral copulation upon a child under 14 years of age.

Minor admitted the allegations. The juvenile court adjudged him a ward and committed him to the El Dorado County juvenile treatment center. The court ordered minor to register as a "Tier 2" sex offender for a period of 10 years pursuant to section 290.008.

In April 2022, the juvenile court ordered minor be released to the custody of his father under the supervision of a probation officer. The court again ordered minor to register as a sex offender.

In June 2022, the prosecution filed a subsequent juvenile wardship petition alleging that minor came within the jurisdiction of the juvenile court because he had committed assault by means of force likely to produce great bodily injury. The probation department also filed a petition alleging minor had violated the conditions of his wardship. Minor admitted the allegations in the prosecution's petition and stipulated this admission was also an admission to the allegations in the probation department's petition. The juvenile court committed minor to the Sonoma County secure youth treatment facility and ordered that, upon his release, he had to register as a sex offender pursuant to section "290.08."[2]

In August 2024, over minor's objection, the juvenile court again ordered that upon his release, minor register as a tier two sex offender for 10 years.

Minor appeals.

---

[2]    Given the context, we assume the juvenile court was referring to section 290.008 as section 290.08 concerns record retention policies.

DISCUSSION

Minor argues that, under the plain language of section 290.008, the juvenile court erred when it ordered him to register as a sex offender. The People agree with minor. The parties are correct.

As relevant here, Penal Code section 290.008, subdivision (a) provides that "[a]ny person who, on or after January 1, 1986, is *discharged or paroled from the Department of Corrections and Rehabilitation to the custody of which they were committed* after having been adjudicated a ward of the juvenile court pursuant to [s]ection 602 of the Welfare and Institutions Code because of the commission or attempted commission" of certain offenses "shall register in accordance with the [Sex Offender Registration] Act [(Pen. Code, § 290 et seq.)]." (Italics added.) Penal Code section 290.008, subdivision (d)(2) further provides that "[a] person is a tier two juvenile offender if the person is required to register after being adjudicated as a ward of the court and *discharged or paroled from the Department of Corrections and Rehabilitation*" for certain offenses. (Italics added.)

This statute has been interpreted to mean that registration of juvenile wards is required when they are discharged or paroled from the Department of Corrections and Rehabilitation (Department) or the Department's Division of Juvenile Justice, but that registration is not required when juvenile wards are released from a secure county program. (*In re T.O.* (2022) 84 Cal.App.5th 252, 264-266; see *id.* at p. 265 ["mandatory sex offender registration may not be imposed on juveniles . . . who were committed as wards to a county-administered program . . . rather than to the [Division of Juvenile Justice]. The language of section 290.008 'is clear and lends itself to only one reasonable interpretation' "].)

Here, minor was never committed to nor discharged or paroled from the Department or its Division of Juvenile Justice, and thus was not required to register as a sex offender under section 290.008. Given that "the juvenile court does not have the authority to impose discretionary sex offender registration on juvenile offenders"

3

(*In re T.O.*, *supra*, 84 Cal.App.5th at p. 264), the juvenile court erred in ordering minor to register as a sex offender.

In his reply brief, minor asserts it is the "practice of Modoc County juvenile court" to "requir[e] minors to register as sex offenders if they are committed to [s]ecure [y]outh [t]reatment [f]acilities." Minor requests that this court "order the juvenile court of Modoc County to recall those cases in which it is aware that it has ordered children to register as juvenile sex offenders under similar circumstances and to strike those previous registration orders." We decline minor's request. As an initial matter, there is inadequate factual support for minor's assertion that this is a "practice" of the juvenile court. Further, we do not consider contentions asserted for the first time in a reply brief. (*People v. Taylor* (2020) 43 Cal.App.5th 1102, 1114; *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9.) Finally, minor points to no authority permitting us to grant such broad relief.

DISPOSITION

The sex offender registration portions of the juvenile court's orders and dispositions are stricken. We direct the juvenile court to prepare amended orders and dispositions without the sex offender registration requirement.

/s/
ROBIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
BOULWARE EURIE, J.

4